EASTERN DIST.
January, 1836.

CHIASSON'S
HEIR'S
vs.
DUPUY ET AL.

═══════════

CHIASSON'S HEIRS vs. DUPUY ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF IBERVILLE.

Opposition to an administrator's account may be presented and filed after the lapse of three judicial days from its rendition, and at any time before steps are taken to have it homologated by the court.

The only question presented in this case relates to the time within which oppositions may be filed to administrator's

8

EASTERN DIST.
January, 1836.

CHIASSON'S
HEIRS
vs.
DUPUY ET AL,

accounts. The facts upon which the case rests are set forth in the opinion of the court. The heirs of Chiasson appealed from the judgment of the Probate Court dismissing their opposition.

*Labauve,* for the plaintiffs and appellants.

1. The administrator, Dupuy, failed to render his account as ordered by the court, and when he did file it, which was nearly three years afterwards, it could be viewed in no other light than as an *ex parte* proceeding on his part, which the heirs were not bound to oppose within three judicial days after the account was filed.

2. We contend that as long as the account of the administration was not homologated, we as heirs, had a right to present and file our opposition to any items in, or to the whole of the account, *at any time,* even after the lapse of three judicial days.

3. Should this court decide that the opposition of the plaintiffs came in time, or that the defendant and appellant waived his exception to the filing it by going into an examination of the account on its merits, the case will then be fully before the court for a final judgment. If the opposition is considered as coming too late, the case should be remanded to receive the evidence offered in the court below on the examination and trial on the merits of the account, and which was rejected.

*Bullard, J.,* delivered the opinion of the court.

In this case, it appears that the appellee, Marcel Dupuy, who had administered on the estate of V. Chiasson, deceased, was at the suit of the heirs at law ordered to render an account of his administration. This order was given on the 15th of February, 1832. An account was filed in pursuance of this order on the 3d of January, 1835. On the 14th of May following, the heirs filed an opposition in which they object specifically to numerous items in the account. In the mean time, it does not appear that any steps had been taken to obtain from the court an homologation of the account as

rendered. When the cause came on for trial, in the month of August following, the court considering that more than three judicial days had elapsed between the filing of the account and of the opposition, and that the latter came too late, declined to take it into consideration, and proceeded to homologate the account with certain corrections of errors, and the heirs appealed.

We have recently had occasion to consider the question here presented, in the case of *Longbottom's executors* vs. *Babcock et al.*, ante 44, and we then came to the conclusion, that the opposition, although not filed within the three days, did not come too late, if nothing had been done in the mean time, to preclude the opponents. This case cannot be distinguished from that.

Under these circumstances, this court cannot go into the merits.

*Opposition to an administrator's account may be filed, after the lapse of three judicial days from its rendition, and at any time before steps are taken to have it homologated by the court.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be reversed, and the cause be remanded for a new trial, with directions to the judge not to disregard the opposition filed to the account rendered on the ground that it came too late, and that the appellee pay the costs of the appeal.